Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Joshua N. Osborn (SBN 317435)
jno@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML AVVOCATI P.C.**
969 Hilgard Avenue
Los Angeles, CA 90024
Tel:   949.636.1391

Attorneys for Plaintiffs **Engineer.ai Global Ltd.** and **Engineer.ai India Private Ltd.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **ENGINEER.AI GLOBAL LIMITED**, a foreign company, and **ENGINEER.AI INDIA PRIVATE LIMITED**, a foreign company,<br><br>Plaintiffs,<br><br>v.<br><br>**TALKDESK, INC.**, a Delaware corporation,<br><br>Defendant. | Case No. 2:22-cv-02510<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT; and**<br><br>2. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ENGINEER.AI GLOBAL LIMITED and ENGINEER.AI INDIA PRIVATE LIMITED (collectively, "EAI") complain against Defendant Talkdesk, Inc. ("Talkdesk") and alleges as follows.

## PARTIES

1. Plaintiff Engineer.ai Global Limited is a foreign (United Kingdom) company having a principal place of business in England, and a California place of business in Los Angeles County.

2. Plaintiff Engineer.ai India Private Limited is a foreign (India) company having a principal place of business in India.

3. Defendant Talkdesk is a Delaware corporation having a principal place of business in San Francisco, California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this dispute because pursuant to 28 U.S.C. § 1332(a), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties]."

5. This action arises out of a contract between EAI and Talkdesk in which the parties have agreed to the jurisdiction of California courts. Attached hereto as Exhibit A is a true and correct copy of the parties' Master Services Agreement ("MSA"). The parties also agree that venue is proper in this Court because the acts complained of in this Complaint occurred, at least in part, in Los Angeles County.

## GENERAL ALLEGATIONS

6. EAI is a technology company that provides online database access & retrieval services ("OIDAR") in the name of Amazon Web Services ("AWS"), and which itself assumes the responsibility of billing and collection of payments for the AWS OIDAR services provided by EAI to its clients.

7. Talkdesk is a cloud-based contact centre and artificial intelligence software provider that sells its products to a broad range of industries, including the financial services & insurance, retail & e-commerce, healthcare & life sciences, travel & hospitality and public sector industries with its contact center as a service (CCaaS) solution.

8. On or around February 21, 2020, EAI and Talkdesk became strategic partners by entering into the MSA, by which EAI would, among other things, operate Talkdesk's cloud services in exchange for payment from Talkdesk.

9. The MSA included a minimum 12-year term, and in exchange for Talkdesk achieving minimum growth targets as described in the MSA, EAI agreed to provide Talkdesk with a discount on the services provided. The discount to Talkdesk was significant, saving Talkdesk hundreds of thousands in AWS costs and fees annually.

10. The parties fully performed under the MSA between February and September of 2020. EAI provided Talkdesk with the services promised under the MSA, Talkdesk achieved its monthly growth targets, and Talkdesk timely paid its invoices for amounts owed to EAI under the MSA.

11. Beginning in October 2020, Talkdesk stopped paying EAI the amounts due under the MSA.

12. Specifically, between June 2020 and the present day (after expiration of the MSA's one-year term), EAI invoiced Talkdesk millions for services provided under the MSA, inclusive of interest owed for late payments. Talkdesk has not made any payments toward these invoices.

13. The "Payment Timing" section of the MSA states as follows:

> Client shall pay the amounts due pursuant to Company's invoices within sixty (60) days of Client's receipt of each such invoice except where the relevant Appendix details a different Payment or Credit Period. For purposes of clarity, payments may be made by credit card. ***Any invoice-related dispute with respect to which Client does not notify Company in writing within sixty (60) days of Client's receipt of the applicable invoice shall be deemed waived***. (Emphasis added).

14. Talkdesk did not challenge any invoice within sixty (60) days as required under the MSA, resulting in a waiver of any disputes that could have been raised pertaining to the invoices.

15. As of the filing of this Complaint, Talkdesk has not made any payments of the amounts owed under the MSA, and pursuant to the invoices.

16. Talkdesk has become notorious in the industry for its questionable (at best) ethics and business practices. Attached hereto as Exhibit B is a true and correct copy of a collection of just a sampling of the widespread public criticism of Talkdesk's corporate character, including from many employees. For example, the following are just some of the many negative comments have been published about Talkdesk:

> "Unethical sales practices, they promise to pay commissions within 60 days but there is always an issue. I was not paid for several deals I closed."

> "Sales team will sell anything even if it is not a fit or doesn't work to the customers' expectations. Told to say yes to everything!"

> "60% of the deals are sold using partners who largely despise TD because they won't pay them either."

> "Zero culture. And I mean zero. Except 'Every person for themselves' and 'just survive until you leave'"

> "The leadership team has created such a toxic environment where people are constantly on the defensive and under pressure. I've seen employees mistreated to the point where people have cried on calls."

> "Talkdesk loves to answering 'yes' to all questions from a prospect, and then hopefully figuring it out after they sign the paperwork (and will have no way of doing what was necessary or promised)."

> "The entire company is a con. By con, I mean releasing products that don't work, yet telling customers or prospective customers that they do."

> "Leadership, please stop asking your employees to fake things and lie about product and capabilities. It's fraudulent and it's wrong."

> "Complete lack of regard for employee wellbeing: no effort put into company culture/team-building events (some offices were even 'punished' with holiday parties being taken away), people and HR teams lack empathy/compassion and don't follow through on employee feedback/complaints."

"Overpromise and under-achieve, that should be their motto."

"What started so promising has ended up being a daily battle with a very poor support team/set up."

"Months after launch, TD still cannot figure out how to stop calls from being delivered to agents while they are on another live agent interaction."

"The idea for the product is great, that is obvious. But they are nowhere near to having a product like they say they do."

"Talkdesk is a place for accomplished sales people to go and be miserable. Your opinion will not matter, your work will not matter, your accomplishments will not matter. The goal of management is to replace you once you have laid a foundation."

"Talkdesk is a horrible company, top to bottom. . . . Their product sucks, and their people are worse."

"Talkdesk is without doubt, the most embarrassing and damaging company on my CV."

## FIRST CAUSE OF ACTION

### (Breach of Contract)

17. EAI hereby alleges and incorporates by this reference Paragraphs 1 through 16 of this Complaint, as if set forth in full herein.

18. On or around February 21, 2020, EAI and Talkdesk entered into the MSA, which was a binding agreement.

19. The MSA provides, among other things, that Talkdesk will pay EAI for services provided as described therein, and will provide written notice of any disputed invoice within sixty (60) days of receipt of said invoice.

20. EAI performed all duties and obligations it owed to Talkdesk in relation to the MSA, except for any duties and obligations which EAI was prevented or excused from performing.

21. Talkdesk breached its obligations under the MSA by failing to make payments for services provided under the MSA.

22. As a direct and proximate result of the breach of the MSA by Talkdesk, EAI has been damaged in an amount that will be shown according to proof at the time of trial, but which is **no less than $6,786,458.20**. EAI's damages include, but are not necessarily limited to, the unpaid invoiced amounts.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

23. EAI hereby alleges and incorporates by this reference Paragraphs 1 through 22 of this Complaint, as if set forth in full herein.

24. EAI and Talkdesk signed the MSA. The MSA contained an implied covenant of good faith and fair dealing that neither party to the agreement will engage in any act or conduct which deprives the other of the benefits of the contract. Talkdesk has breached the implied covenant with respect to the MSA by failing to pay EAI the amounts due and owing under the agreement.

25. EAI performed all duties and obligations it owed to Talkdesk in relation to the MSA, except for any duties and obligations which EAI was prevented or excused from performing.

26. The wrongful acts of Talkdesk described herein, including but not limited to its breaches of the MSA, and the breaches of the implied covenant contained therein, were at all relevant times undertaken in bad faith.

27. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing by Talkdesk, EAI has been damaged in an amount that will be shown according to proof at the time of trial, but which is **no less than $6,786,458.20**. EAI's damages include, but are not necessarily limited to, the unpaid invoice amount.

## PRAYER FOR RELIEF

WHEREFORE, EAI prays for judgment against Talkdesk as follows:

    **A.** For an award of general damages according to proof;

    **B.** For reasonable attorneys' fees as provided in the MSA;

      **C.** For prejudgment interest;

      **D.** For costs of suit incurred herein; and

      **E.** For such other and further relief as the Court deems just and proper.

                                    Respectfully submitted,

Dated: April 13, 2022                **SML Avvocati P.C.**

                                    By:  /s/ Stephen M. Lobbin
                                            Attorneys for Plaintiffs

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and L.R. (C.D. Cal.) 38-1, Plaintiffs hereby demand a jury trial on all the issues so triable in this action.

Respectfully submitted,

Dated: April 13, 2022      **SML Avvocati P.C.**

By: /s/ Stephen M. Lobbin
Attorneys for Plaintiffs