UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2510 PA (JEMx) | Date | April 15, 2022 |
|---|---|---|---|
| Title | Engineer.AI Global Ltd., et al. v. Talkdesk, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

The Court is in receipt of the Complaint filed by plaintiffs Engineer.AI Global Limited ("EAI Global") and Engineer.AI India Private Limited ("EAI India") (collectively "Plaintiffs") against defendant Talkdesk, Inc. ("Defendant"). According to the Complaint:

> This action arises out of a contract between EAI[1] and Talkdesk in which the parties have agreed to the jurisdiction of California courts. Attached hereto as Exhibit A is a true and correct copy of the parties' Master Services Agreement ("MSA"). The parties also agree that venue is proper in this Court because the acts complained of in this Complaint occurred, at least in part, in Los Angeles County.

(Compl. ¶ 5.) The MSA on which these allegations rely is attached to the Complaint.

According to the MSA, there are actually three affiliated Engineer.AI entities, EAI Global, EAI India, and Engineer.AI Corp. ("EAI Corp."). Specifically, Appendix A to the MSA states:

> Engineer.ai is a Group Company with company subsidiaries in a number of territories. Each of the Contracting Entities detailed in the table below are deemed Group Companies for the purposes of this Agreement. The definition of "Contracting Entity", "Principal Address", "Jurisdiction" and "Nominated Courts" are therefore determined by the location of the Client as per the following table . . . .

---

[1] The Complaint defines "EAI" as EAI Global and EAI India.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2510 PA (JEMx) | Date | April 15, 2022 |
|---|---|---|---|
| Title | Engineer.AI Global Ltd., et al. v. Talkdesk, Inc. | | |

(Compl. Ex. A at App. A.) Both the Complaint and the MSA state that Defendant, the "Client" for purposes of the MSA, is located in San Francisco, California. Appendix A to the MSA indicates that EAI Corp. is the Engineer.AI "Contracting Entity" in the "Americas," which Appendix A defines as the United States, Canada, Mexico, and all of South America. The MSA also provides that "[t]he Client's address will be used to determine the Client Territory. This address shall also determine the Capacity Partner Territory.'" According to Appendix A, it is only EAI Corp. that has, pursuant to the MSA and Appendix A, a "Legal Jurisdiction" in the State of California as that term is defined in the MSA.

      Therefore, based both on the allegations in the Complaint in support of venue in California, and the language of the MSA and its Appendix A, it appears that EAI Corp. is the "Contracting Entity." However, because the Complaint was filed only on behalf of EAI Global and EAI India, and not EAI Corp., the Court is concerned that Plaintiffs may be in violation of Federal Rule of Civil Procedure 17, which requires that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). In the alternative, if EAI Corp. is not the real party in interest, then it appears that Plaintiffs may have commenced this action in an improper venue and in a jurisdiction other than that authorized by the MSA. Specifically, the MSA provides that is "shall be governed by and construed in accordance with the laws of the Jurisdiction without regard to any conflicts of laws provisions thereof and the Parties hereby consent to the exclusive jurisdiction of the Nominated Courts." Because only EAI Global and EAI India are named plaintiffs, under the MSA and Appendix A, the "Jurisdiction" and "Nominated Courts" would have to be in England, Wales, or India, and not in California. It is only if EAI Corp. is a plaintiff that a court in California would be the proper "Jurisdiction" and "Nominated Court."

      For all of the foregoing reasons, the Court orders Plaintiffs to show cause in writing why EAI Corp. should not be joined or substituted into the action as the real party in interest, or, in the alternative, why this action should not be dismissed for improper venue. See 28 U.S.C. § 1406(a); see also Fed. R. Civ. P. 17(a)(3). Plaintiffs' Response to this Order to Show Cause shall be filed by no later than April 25, 2022. Failure to timely or adequately respond to this Order to Show Cause may, without additional warning, result in the dismissal of this action without prejudice.

      IT IS SO ORDERED.